[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The parties to this marriage were married at Strzelce Opolski, Poland on July 16, 1982. They have two minor children, LUKASZ LECH JASICKI, born CT Page 9218 September 1, 1982, and ANNA DOBROWKA JASICKI, born March 3, 1984, both of whom reside with the defendant ("Wife"). The parties have been separated since July 1999. The action was instituted by the plaintiff ("Husband"), and at that time both resided in the Town of Derby, Connecticut. On or about April 2000, the Husband quit his job and moved to Anaheim, California. The Wife filed a Cross Complaint and has since moved to a new residence in Derby, Connecticut. At the time of the hearing, the Wife appeared with counsel. The Husband was not present. His attorney was present. The Court, having been satisfied that notice was given by defendant's counsel to her client of her intention to withdraw and of the date of the hearing, granted her motion to withdraw at the request of the Husband.
The Wife is forty-seven (47) years old and has a high school education. She is employed as a machine operator at M.P.I in Seymour and earns $18,600.00 per year. As a result of a thirty (30%) percent disability, she does not have the full use of her right arm. She maintains group health insurance for herself through her employment. The Husband is also forty-seven (47) years old and has a high school education. At the time that he left his job at Sikorsky Aircraft and left the state, he had been a machine operator for eleven (11) years earning $44,564.00 per year. The Wife testified that to her knowledge, that a job was available to the Husband at Sikorsky Aircraft as late as this past April.
The parties are the owners of real property located at 870 Hawthorne Avenue, Derby, Connecticut, having a value of $135,000.00 according to the Wife's financial affidavit. The Wife was unsure of the present mortgage balance. There two cars, a 1998 Dodge Neon driven by the Wife valued at $15,000.00 having a loan balance of $11,000.00 and a 1996 Chevrolet Camero driven by the minor child, Lukasz, having a value of $200.00. The Wife has a small savings account. The only other asset of significance is the Husband's 401k savings plan at Sikorsky Aircraft. At the time the Husband left for California, he removed the sum of $36,639.96 from that account. The current balance, if any, is unknown. There was a finding of contempt by this Court on April 17, 2000, in which the Husband was ordered to replace these monies in the account and to pay his Wife's attorneys fees in the amount of $500.00. To the Wife's knowledge this has not occurred as of the date of the hearing.
 FINDINGS
The Court, having heard the testimony of the defendant, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-46, 46b-56, 46b-81, 46b-82, 46b-84, 46b-86(a) and 46b-215a of the Connecticut General Statutes, including the Child CT Page 9219 Support and Arrearage Regulations, hereby makes the following findings:
 1. That it has jurisdiction in that the Husband, as plaintiff, has received actual notice of the pendency of this action and the defendant Wife was a resident of this State for at least twelve (12) months prior to the filing of the complaint per Section 46b-46 C.G.S.
 2. That the allegations of the Cross Complaint (as amended to reflect the place of the marriage to be Poland) are proven and true.
 3. That based upon testimony of the defendant, the plaintiff is not in the active military or naval service of the United States.
 4. That the marriage of the parties has broken down irretrievably.
 5. That based upon the testimony of the defendant wife, the Court finds the plaintiff to have an earning capacity of $857.00 per week, and that based upon said earning capacity, the presumptive level of basic child support is $196.00 per week.
 6. That the Husband made voluntary support payments to the Wife in the amount of $100.00 per week through April, however, the Court declines to enter a retroactive order for alimony and child support, together with a finding of an arrearage, in that it lacks the power to do so under Section 46b-86 (a) C.G.S.
 7. That counsel for the Wife has submitted an Affidavit re Attorney Fees which the Court finds to be fair, and that it would be equitable under all the circumstances to award the Wife a portion of these fees.
 ORDER
IT IS HEREBY ORDERED THAT:
 1. The marriage of the parties is hereby dissolved on the grounds of irretrievable breakdown, and they are each hereby declared to be single and unmarried.
 2. The Wife shall have sole custody of the minor children, CT Page 9220 LUKASZ LECH JASICKI, born September 1, 1982, and ANNA DOBROWSKA JASICKI, born March 3, 1984, subject to the reasonable, liberal and flexible visitation rights of the Husband. In the event that parties are unable to agree upon any issue regarding appropriate visitation, they shall first bring the matter to the Family Relations Office prior to a determination by the Court.
 3. Commencing August 4, 2000, and weekly thereafter, the Husband shall pay to the Wife the sum of $50.00 as and for periodic alimony, until the death of either party, the remarriage of the Wife, or September 1, 2001, whichever shall sooner occur. Thereafter, the Husband shall pay to the Wife the sum of $100.00 per week as and for periodic alimony, until the death of either party or the remarriage of the Wife, whichever shall sooner occur.
 4. Commencing August 4, 2000, and weekly thereafter, the Husband shall pay to the Wife the sum of $196.00 as and for child support, until such time as the oldest child shall reach the age of eighteen years, at which time child support for the remaining child shall be adjusted in accordance with the then existing Child Support Guidelines or as a Court may otherwise direct. The foregoing notwithstanding, if any child shall turn eighteen years old and is still in high school, then, in that event, the child support shall continue until the first day of next month following graduation from high school or their nineteenth birthday, whichever shall sooner occur, pursuant to Section 46b-84 (b) C.G.S.
 5. The Husband shall maintain and pay for health insurance for each of the minor children so long as he shall be obligated to pay child support for that child, provided same is an incident of his employment and can be maintained at a reasonable cost. Until such health insurance is in place, the Wife shall maintain health coverage benefits as are available for the minor children under the HUSKY PLAN. Un-reimbursed medical, dental, orthodontic, optical, pharmaceutical, psychiatric, and psychological expenses for the minor children, shall be divided by the parties, 45% by the plaintiff Husband and 55% by the defendant Wife. The provisions of Section 46b-84(e) shall apply.
 6. The Wife shall have exclusive possession of the jointly-owned CT Page 9221 real estate located at 870 Hawthorne Avenue, Derby, Connecticut, subject to the existing mortgage, if any, thereon. The Court shall retain jurisdiction to make any orders regarding the maintenance (including the payment of mortgage, taxes, and insurance, necessary repairs, and the collection of rents) and/or a division of the above real estate, including, if appropriate, a judicial conveyance of same pursuant to Section 46b-66a C.G.S.
 7. The Wife shall hereafter own free and clear of any claims by the Husband, the following personal property:
a. Her savings account at Fleet Bank;
 b. The 1998 Dodge Neon, subject to the existing loan, which she shall assume and hold the Husband harmless therefrom; and
c. The 1996 Chevrolet Camaro.
 8. The Court shall retain jurisdiction to resolve any issues regarding family debts existing as of the date of this hearing in an equitable manner consistent with the orders set forth in this Memorandum of Decision.
 9. The Husband shall pay to the Wife as and for a contribution toward her outstanding attorneys fees incurred in connection with this action the sum of $2,500.00 within sixty (60) days of the date of this Memorandum of Decision.
 10. Effective as of the date of this Memorandum of Decision, the balance, if any, of the 401(k) Plan ("Plan") of the Husband through his former employer, Sikorsky Aircraft, shall be divided by means of a Qualified Domestic Relations Order ("QDRO") which shall be prepared by the attorney for the Wife. The Plan shall be divided 50% to the Husband and 50% to the Wife. The cost of the preparation of the QDRO shall be shared equally by the parties. The foregoing notwithstanding, unless the Court has entered other equitable orders regarding the division of the jointly-owned real estate in Derby, Connecticut, in order to offset the Husband's wrongful removal of funds from the Plan, if at the time of the preparation of the QDRO, the Husband shall not have returned the monies which he removed from the Plan, then, in that event, the CT Page 9222 Wife shall be entitled to a sum up to and/or equal to the lesser of the first $18,320.00 or the entire balance of the Plan, prior to the division of any monies remaining in the Plan. The Wife and her attorney shall be entitled to any and all information regarding the Plan necessary to the preparation and filing of the QDRO, including, but not limited to prior and current balances and prior account activity. No further withdrawals, distributions, or transfers shall be made regarding the Plan except as consistent with this order. The Court shall retain jurisdiction to deal with any issues which may arise with regard to the preparation and filing of the QDRO and the division of the Plan.
 11. The Court hereby reaffirms the Orders of April 17, 2000, in particular the finding of contempt and related pendente lite financial orders.
 12. The Court hereby orders an Immediate Wage Withholding Order pursuant to Section 52-362 C.G.S in order to secure the payment of the alimony and child support orders of this Court.
 13. The Court hereby orders Counsel for the defendant Wife to prepare a Judgment File consistent with this Memorandum of Decision within thirty (30) days hereof and that a copy of same be mailed to the plaintiff Husband by certified mail, return receipt requested, at his last known address, to wit: 120 N. Syracuse Street, #22, Anaheim, CA 92801.
THE COURT
By Shay, J.